# The Washington Post

1150 15th STREET, N.W
WASHINGTON, D.C. 20071
(202) 334-6000

ERIC N. LIEBERMAN
ASSOCIATE COUNSEL
(202) 334-6017
FAX (202) 334-5075
E-MAIL: liebermane@washpost.com

May 17, 2005

**BY TELECOPIER**

Ms. Catrina Pavlik
Associate Director, FOIA/PA Division
TSA Headquarters, TSA-20
11th Floor, 210S, West Tower
601 South 12th Street
Arlington, VA 22202-4220

> **Re:    (1) SUPPLEMENTAL FEE WAIVER JUSTIFICATION FOR FOIA
> Nos.  TSA 05-0440, -0441, -0442, -0443**
>
> **(2) ADMINISTRATIVE APPEAL OF FAILURE TO TIMELY
> RESPOND TO FOIA Nos.  TSA 05-0440, -0441, -0442, -0443**

Dear Ms. Pavlik:

As in-house counsel for The Washington Post, I represent Scott Higham and Robert O'Harrow with regard to the above-referenced FOIA requests. We write to respond to your request that we "fully identify the operations and activities of the government" in connection with the fee waiver justification we submitted on April 27. We also appeal from the failure of TSA to respond to these requests in a timely manner.

First , TSA has requested further clarification of our extensive fee waiver justification on the ground that we have not sufficiently described an operation or activity of the government. We disagree. Our fee waiver justification letter provided in pertinent part as follows:

First, the subject of the requested records concerns the "operations or activities of the government." Each request identifies with reasonable specificity an operation or activity of the government. For example, FOIA No. 05-0442 pertains to "the TSA contract with Boeing Co. for the installation and maintenance of the Explosives Detection Systems (EDS) program." It requests records relating to,

Ms. Catrina Pavlik
May 17, 2005
Page 2

among other things, TSA's pre-vendor conferences, pre-approval meetings, and post-bid conferences. It further requests records concerning performance evaluations and audits, as well as communications between TSA and various parties. In sum, all of the records pertain to specifically identified government functions. The other three FOIA requests referenced above are equally specific. Indeed, they contain a level of specificity that far exceeds what is required under the law. *See, e.g. Judicial Watch*, 326 F.3d at 1313.

This explanation clearly satisfies the requirement that we reasonably specify an operation or activity of government. The requests seek records that document TSA's performance of government functions -- procuring and overseeing multibillion-dollar homeland security contracts. For example, the records will help the public understand what the contracts actually provide; whether the contracts required modifications or change orders and whether any such modifications or change orders required additional expenditures; how TSA communicated with the individual vendors and the substance of those communications; how the vendors performed under the contracts; and how TSA went about evaluating the vendor's performance of the contracts and correcting deficiencies, if any. In sum, we believe that at this point we have provided more than enough explanation to demonstrate that disclosure is likely to contribute to the public's understanding of TSA's homeland security programs.

Second, we appeal from TSA's failure to respond to these requests within the statutory deadlines. The above-referenced FOIA requests were filed in early March. To date, TSA has failed to produce a single record in response to them. In fact, despite repeated telephone calls to agency staff, TSA has not even produced the four contracts themselves -- contracts that TSA has previously released to other FOIA requesters. Since the statutory deadline for responding has long expired, this administrative appeal is timely and a decision is required within 20 days.

We look forward to receiving determinations as soon as possible on the administrative appeals of TSA's failure to timely respond to the above-referenced requests, and its decisions not to grant expedited processing or fee waivers on them.

Very truly yours,

Eric Lieberman

Eric Lieberman

cc:    Mr. Douglas Callen (by mail)