U.S. Department of Homeland Security
Office of Security
Arlington, VA 22202



Transportation
Security
Administration

MAY 18 2005

Mr. Scott Higham
Staff Writer
Washington Post
1150 15th Street, N. W.
Washington, DC 20071

**FOIA Number: TSA05-0442**

Dear Mr. Higham:

This letter is an interim response in reference to your Freedom of Information Act (FOIA) request dated March 1, 2005, for documents pertaining to the TSA contract with Boeing Company for the installation and maintenance of the Explosives Detection Systems (EDS) program. Specifically, you requested:

1. The contract file and documents typically contained in a contract file, including, but not limited to: requests for proposals; proposals and bids; selection scoring worksheets and other evaluation information; past performance evaluations; the contract; purchase orders, task orders and other types of work orders; change orders; payment records, including invoices receipts, bills and other justifications; subcontracting plans; bonus evaluations worksheets and any other documents regarding bonus payments.

2. All other documents relating to pre-bid vendor conferences, pre-approval meetings and post-bid conferences, including but not limited to: all agency responses relating to Q & A sessions with vendors seeking the contract; all documents relating to one-on-one vendor meetings; all sign-up sheets for the above mentioned conferences and meetings; and all notes for the above mentioned conferences and meetings; and all notes and recordings of the meetings.

3. All documents relating to the performance of the contractor since the contract was awarded, including but not limited to: performance evaluations, performance audits; performance metrics; and any other similar performance documents; notes and tapes of all meetings regarding performance; all communications records regarding the contractor's performance, including letters, e-mails, records of meetings, teleconferences or video conferences including tapes); sign-in sheets, and any and all other forms of communication regarding the contractor's performance.

www.tsa.gov

4.  All records of correspondence and communication regarding the contract within TSA; between representatives of TSA and Boeing; between representatives of TSA and members of Congress and tier representatives and staffers; and between representatives of TSA and lobbying firms, law firms, public relations firms and any other companies or individuals representing Boeing. Records of correspondence and communications include but are not limited to: letters, e-mails, records of teleconferences or video conferences (including tapes) power point presentations, meeting agendas; minutes and notes of meetings, sign-in sheets or meetings, sign-in sheets of meetings and any and all other forms communications.

Additional documents are currently being processed and reviewed for releasability pursuant to the determination of fee issues. Once the fee issue has been resolved and the documents have been reviewed, you will receive a final determination.

We have completed our review of a portion of the documents (481 pages) responsive to a portion of item 1 of your FOIA request. Portions of the documents (481 pages) are being withheld under Exemptions 3, 4 and 6 of the FOIA. Additionally, two (2) pages are being withheld in full under Exemption 3 of the FOIA. A more complete explanation of these exemptions is provided below.

Exemption 3 exempts from disclosure information "specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C § 552(b)(3). The TSA has such statutory authority. 49 U.S.C. § 114(s) exempts from disclosure information that would be "detrimental to the security of transportation." The TSA has promulgated regulations that define such information as Sensitive Security Information, or, "SSI". See 49 C.F.R. § 1520.5 (2004).

Section 1520.5(b)(4)(i) exempts from disclosure any performance specification and any description of a test object or test procedure, for any device used by the Federal government or any other person pursuant to any aviation or maritime transportation security requirements of Federal law for the detection of any weapon, explosive, incendiary, or destructive device or substance.

Section 1520.5(b)(9)(iii) exempts from disclosure any security screening information regarding security under aviation or maritime transportation security requirements of Federal law including detailed information about the locations at which particular screening methods or equipment are used, only if determined by TSA to be SSI.

Exemption 4 of the FOIA protects "trade secrets and commercial or financial information obtained from a person that is privileged or confidential." Most information received by the government as part of the procurement process is a required submission for purposes of evaluating a bidder's proposal and is deemed confidential if its disclosure is likely to have either of the following effects 1) impair the Government's ability to obtain necessary information in the future; or 2) cause substantial harm to the competitive position of the person from whom the information was obtained. After consulting with Boeing, I have

determined that substantial competitive injury could occur through the release of certain information. Accordingly, those portions of the documents are exempt from disclosure.

Exemption 6 of the FOIA permits the government to withhold all information that applies to a particular individual when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy.

In accordance with departmental regulations implementing the FOIA (6 C.F.R. § 5.11), you are identified as a "media" requester, therefore you are required to pay for duplication. Therefore, the fees assessed for duplication are $48.10. This is arrived at as follows: $.10 per page for 481 pages. Please forward a check in this amount within 30 days from the date of this letter, payable to the Transportation Security Administration. You should mail your check to:

> US Department of Homeland Security
> Transportation Security Administration
> P.O. Box 409066
> Atlanta, GA 30384-9066

In order to be sure your account is credited, you must reference the TSA FOIA Number on your check and return the enclosed copy of this letter. The Department may institute collection action pursuant to federal debt collection statutes, which provide for recovery of interest, administrative and penalty charges for handling a delinquent debt owed the government.

The undersigned is the person responsible for this determination. Administrative appeal from this determination may be made in writing to Douglas Callen, Director, Office of Security, Transportation Security Administration, West Tower, 11th Floor, TSA-20, 601 South 12th Street, Arlington, VA 22202-4220. Your appeal must be submitted within 60 days from the date of this determination. It should contain all information and state, to the extent possible, the reasons why you believe the initial determination should be reversed. The envelope in which the appeal is mailed should be prominently marked "FOIA Appeal." The Director's determination will be administratively final.

If you have any questions pertaining to your request, please feel free to contact the FOIA Office at 1-866-364-2872.

Sincerely,

*Catrina Pavlik*

Catrina Pavlik
Associate Director
Freedom of Information and
  Privacy Act Division

Enclosure