IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
THE WASHINGTON POST,                )
                                                    )
                    Plaintiff,                   )
                                                    )
            v.                                     )        Civil Action No. 1:05V01481 (EGS)
                                                    )
TRANSPORTATION SECURITY        )
ADMINISTRATION; AND UNITED    )
STATES DEPARTMENT OF              )
HOMELAND SECURITY,                  )
                                                    )
                    Defendants.                )
_____)

## DEFENDANTS' ANSWER

Defendants, the Transportation Security Administration ("The Agency" or

"TSA") and the United States Department of Homeland Security ("DHS") (collectively

"Defendants"), answer the Complaint of plaintiff Washington Post.

### First Affirmative Defense

This Court lacks jurisdiction over defendant TSA because it is not an "agency"

subject to the FOIA, 5 U.S.C. § 552(f)(1), but rather a component of DHS.

### Defendant's Responses to the Numbered Paragraphs in the Complaint

Answering the numbered paragraphs of plaintiff's Complaint, Defendants respond

as follows:

### Introduction

1.        Paragraph 1 contains plaintiff's characterization of its Complaint, to which

no response is required.

2.      Defendants DENY the allegations of the first sentence of Paragraph 2 except to ADMIT that TSA's responsibilities are set forth in statutory provisions, including, but not limited to, the Aviation Transportation Security Act, and to ADMIT that TSA is primarily responsible for the security of all modes of transportation, including commercial aviation. TSA denies the remainder of paragraph 2, except to ADMIT that it has entered into appropriate contracts involving various amounts of funding to assist it in, among other matters, implementing transportation security procedures.

3.      Defendants DENY the first sentence of paragraph 3. The remainder of paragraph 3 contains characterizations of certain articles, to which no response is required, because those articles speak for themselves.

4.      In response to the allegations in the first sentence of paragraph 4, Defendants ADMIT the existence of the referenced correspondence, but the referenced correspondence speaks for itself. In response to the second and third sentences of paragraph 4, defendants ADMIT that, to date, one contract has been released but state that interim final responses are pending final approval. In response to the fourth sentence of paragraph 4, defendants ADMIT that TSA has not provided a date certain for the production of documents and that it denied plaintiff's request to expedite its requests. Defendants ADMIT the first part of the fifth sentence of paragraph 4, that TSA has declined to waive duplication costs associated with certain of the plaintiff's requests, but the remaining part of the fifth sentence is a legal conclusion to which no response is required.

5.      Defendants lack information or knowledge sufficient to form a belief as to the truth of the first sentence of paragraph 5.  Because the newspaper articles referenced in the second, third, fourth and fifth sentences of paragraph 5 speak for themselves, no response is required.  Defendants ADMIT the sixth and seventh sentence of paragraph 5**.**

6.      Paragraph 6 contains conclusions of law to which no response is required.

### Jurisdiction and Venue

7.      Paragraph 7 contains plaintiff's legal conclusion regarding jurisdiction to which no response is required.  To the extent a response is required, Defendants DENY that this Court has jurisdiction to hear plaintiff's suit against Defendant-TSA.  See First Affirmative Defense.

8.      Paragraph 8 contains plaintiff's legal conclusion regarding venue to which no response is required.

### Parties

9.      Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.     Defendants DENY that TSA is an agency of the United States Government within the meaning of 5 U.S.C. § 552(f)(1), and state that TSA is a component of DHS, the proper agency defendant.

### Facts

### First Request

11.     In response to the allegations in paragraph 11, defendants ADMIT the existence of the referenced correspondence, but state that the referenced correspondence speaks for itself.  See Exhibit A to the Complaint.

12.     Paragraph 12 contains legal conclusions to which no response is required.

13.     In response to the first and second sentences in paragraph 13, Defendants ADMIT the existence of the referenced correspondence.  The remainder of paragraph 13 contains legal conclusions to which no response is required.

14.     This paragraph states a legal conclusion to which no response is required.

## Second Request

15.     In response to the allegations in paragraph 15, Defendants ADMIT the existence of the referenced correspondence, but state that the referenced correspondence speaks for itself.  See Exhibit C to the Complaint.

16.     This paragraph states a legal conclusion to which no response is required.

17.     In response to the first and second sentences in paragraph 17, Defendants ADMIT the existence of the referenced correspondence.  The remainder of paragraph 17 contains legal conclusions to which no response is required.  In addition, the referenced correspondence speaks for itself.  See Exhibit B to the Complaint.

18.     This paragraph contains legal conclusions to which no response is required.

## Third Request

19.     In response to the allegations in paragraph 19, defendants ADMIT the existence of the referenced correspondence, but state that the referenced correspondence speaks for itself.  See Exhibit D to the Complaint.

20.     This paragraph contains legal conclusions to which no response is required.

21.     In response to the allegations in paragraph 21, Defendants ADMIT the existence of the referenced correspondence, but state that constructive denial is a legal conclusion to which no response is required.  In addition, the referenced correspondence speaks for itself.  <u>See</u> Exhibit B to the Complaint.

22.     Defendants ADMIT the allegations in paragraph 22, and state that, as of this filing, TSA has additional interim responses pending final approval.

23.     This paragraph contains legal conclusions to which no response is required.

24.     This paragraph contains legal conclusions to which no response is required.

25.     ADMIT.

26.     This paragraph states a legal conclusion to which no response is required.

**<u>Fourth Request</u>**

27.     In response to the allegations in paragraph 27, defendants ADMIT the existence of the referenced correspondence, but state that the referenced correspondence speaks for itself. <u>See</u> Exhibit H to the Complaint.

28.     This paragraph contains legal conclusions to which no response is required.

29.     In response to the first and second sentences in paragraph 29, Defendants ADMIT the existence of the referenced correspondence.  The remainder of paragraph 29 contains legal conclusions to which no response is required.  In addition, the referenced correspondence speaks for itself.  <u>See</u> Exhibit B to the Complaint.

30.     This paragraph states a legal conclusion to which no response is required.

31.     ADMIT.

32.     This paragraph states a legal conclusion to which no response is required.

## Fifth Request

33.     In response to the allegations in paragraph 33, Defendants ADMIT the existence of the referenced correspondence, but state that the referenced correspondence speaks for itself. See Exhibit I to the Complaint.

34.     This paragraph contains legal conclusions to which no response is required.

35.     In response to the allegations in paragraph 35, defendants ADMIT the existence of the referenced correspondence.     The remainder of this paragraph contains legal conclusions to which no response is required.

36.     This paragraph states a legal conclusion to which no response is required.

37.     ADMIT.

38.     This paragraph contains legal conclusions to which no response is required.

## First Cause of Action

### Failure to Disclose Records Sought

39.     Defendants incorporate by reference their responses to paragraphs 1 through 38 of the Complaint.

40.     Paragraph 40 contains legal conclusions to which no response is required.

41.     Paragraph 41 states a legal conclusion to which no response is required.

### Second Cause of Action

**Denial of Waiver of Duplication Costs**

42.     Defendants incorporate by reference their responses to paragraphs 1 through 41 of the Complaint.

43.     The first sentence of paragraph 43 contains plaintiff's characterization of TSA's legal arguments, to which no response is required.  Defendants respectfully refer the Court to TSA's own articulation of its factual and legal basis for denying certain of the plaintiff's requests for waivers of duplication costs in TSA's responses to plaintiff's requests.  See Letter from Douglas L. Callen, Director Office of Security, TSA, to Mr. Scott Higham, The Washington Post, dated June 27, 2005, attached hereto as Exhibit 1. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 43.  Defendants DENY the third sentence of paragraph 43.

44.     Paragraph 44 contains legal conclusions to which no response is required.

45.     Paragraph 45 contains a legal conclusion to which no response is required.

The remainder of the Complaint is a prayer for relief to which no response is required.  If a response is required, defendants DENY that plaintiff is entitled to the relief requested or to any relief at all.

Except to the extent expressly admitted or qualified above, defendants DENY each and every allegation of the Complaint.  Defendants further DENY that plaintiff is entitled to any relief whatsoever.

WHEREFORE, Defendants respectfully requests that this action be dismissed with prejudice, and that Defendants be granted such further and other relief as the Court deems just and proper, including costs.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney


/s/ Paul G. Freeborne_____
ELIZABETH J. SHAPIRO
PAUL G. FREEBORNE
U.S. Department of Justice, Civil Division
Federal Programs Branch
20 Massachusetts Avenue, N.W.
P.O. Box 883; Ben Franklin Station
Washington, D.C. 20044
Tel.:  (202) 353-0543
Fax:  (202) 616-8460
E-mail: paul.freeborne@usdoj.gov

Dated: August 31, 2005                    *Attorneys for Federal-Defendants*