IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE WASHINGTON POST<br><br>    Plaintiff,<br><br>vs.<br><br>TRANSPORTATION SECURITY<br>ADMINISTRATION and<br>UNITED STATES DEPARTMENT<br>OF HOMELAND SECURITY,<br><br>    Defendants. | Civil Action No. 1:05CV01481 (EGS) |

**JOINT STATEMENT PURSUANT TO FED. R. CIV. P. 26(f) AND LCvR 16.3**

**I. Brief Statement of the Case**

This case arises under the Freedom of Information Act ("FOIA"). Plaintiff The Washington Post ("the Post") seeks to compel production of various records maintained by Defendant Transportation Security Administration ("TSA"), an entity within Defendant U.S. Department of Homeland Security. The records sought relate to contracts TSA has entered into with private contractors since the September 11, 2001 terrorist attacks to perform functions related to the safety of the nation's transportation systems, including airport security. The Post also seeks waivers of fees charged in connection with production of certain of the records requested.

  The FOIA requests the Post submitted to the TSA prior to filing this action sought three categories of documents: (1) four contracts entered into between the TSA and private contractors for security-related functions; (2) audit reports undertaken by the Defense Contract Audit Agency for two private contractors; and (3) other documents related to the performance of each

of the above contracts, such as e-mail messages and other correspondence. Since this action was filed, the parties have been communicating about ways to refine the scope of the requests and to stage the production of records, and believe there is a possibility they may be able to ultimately settle this litigation.

Specifically, with regard to the first category of documents, the TSA has produced all four contracts with a small number of redactions, and the Post has agreed not to challenge any of the redactions. With regard to the second category, the Post obtained one of the two audits (concerning NCS Pearson) from other sources, and the parties are hopeful that the TSA will produce the second audit (concerning Boeing) in its entirety prior to the October 28, 2005 conference in this matter. (The TSA has already released a portion of the audit.) Once it receives the audit in its entirety, if there are any redactions the Post will then be in a position to determine whether it wishes to challenge any of them.

With regard to the third category of records, no documents have yet been produced. However, the parties have agreed to undertake a process, described in more detail below, to attempt to resolve this litigation with regard to those records as well. The outcome of that process will determine whether there are any remaining disputes concerning disclosure of records that will need to be resolved by this Court.

**II.     Statutory Bases for Claims and Defenses**

Plaintiff has brought this action pursuant to the Freedom of Information Act, 17 U.S.C. § 552, et seq.

Defendant TSA asserts that this Court lacks jurisdiction over it because it is a component of Defendant Department of Homeland Security. With regard to the fee waiver claims,

Defendants assert they were statutorily authorized to deny the Post's request for fee waivers at issue.

### III. Scheduling Matters

Counsel for the parties have met and conferred through telephone conferences and e-mail correspondence on many occasions, pursuant to Fed. R. Civ. P. 26(f) and LCvR 16.3. By Order dated September 7, 2005, the Court has set the Initial Scheduling Conference in this case for October 28, 2005 at 10:00 a.m. Counsel for the parties hereby submit the following report concerning the matters listed in LCvR 16.3(c):

> **(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

If the parties are unable to settle this matter, then the parties believe this case might be disposed of by dispositive motion(s). At this point the parties do not anticipate that any discovery will be necessary, but Plaintiff wishes to reserve the right to conduct discovery.

> **(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The parties propose that additional parties be joined and that the pleadings be amended by February 13, 2006. With respect to agreement or narrowing of some or all of the legal or factual issues, see the Statement of the Case above and paragraph (4) below.

> **(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties are not amenable to the case being assigned to a magistrate judge.

> **(4) Whether there is a realistic possibility of settling the case.**

3

As discussed above, the parties believe that there is a realistic possibility of settling this case and have undertaken a process to attempt to determine whether settlement is possible. Specifically, counsel for the parties have agreed that their clients will meet directly, under the supervision of counsel, in an effort to define both (1) what categories of remaining records Defendants possess that are responsive to the Post's FOIA requests but have not been produced and (2) what categories and/or records within those categories the Post is most interested in obtaining. Defendants will then determine whether it will produce any or all of the records the Post seeks. The Post proposes a deadline of forty-five (45) days from the initial scheduling conference in this matter, *i.e.*, Monday, December 12, 2005, whereby the Defendants will either produce all records the Post seeks or provide specific reasons for not releasing any or all of them. Defendants propose that the parties jointly file a status report with the Court on or before December 12, 2005 informing the Court of the progress made toward narrowing the scope of the Post's requests and providing a timetable for the production of documents or the reasons why certain documents cannot be produced.

    **(5)** **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

At this point, the parties believe that they are able to continue to attempt to resolve this matter without the benefit of ADR. However, ADR may prove useful in the event that it is not possible.

    **(6)** **Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

The parties believe that it is possible the case may be resolved by summary judgment in the event that no settlement is reached. As reflected in the Proposed Scheduling Order, the parties

propose that summary judgment motions would be filed no later than seven months from the date of the initial scheduling conference, *i.e.*, by May 30, 2006. Opposition brief(s) and any cross-motion(s) would be due 30 days after the filing of a motion for summary judgment, with reply brief(s) due 15 days thereafter. The parties propose that a decision on any dispositive motions be made as soon thereafter as practicable.

> **(7)     Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties propose to stipulate that they dispense with these initial disclosures.

> **(8)     The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery (*e.g.* number of interrogatories, number of depositions, duration of depositions); whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

At this point, the parties do not believe that discovery will be necessary in this case. However, the Post wishes to reserve the right to conduct discovery, depending on the Defendants' ultimate position regarding production of records.

> **(9)     Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

The parties at his point do not contemplate that any expert discovery will be necessary.

> **(10)    In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not applicable.

> **(11)    Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The parties do not believe that either the trial or discovery should be bifurcated.

**(12)  The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties propose that the pretrial conference be held within 45 days prior to trial.

**(13)  Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The Post believes that the court should set a firm trial date at the first scheduling conference. Defendants do not believe that any trial is necessary or appropriate in this case since the case is likely to be settled or disposed of by motion. Defendants therefore believe that the scheduling of a trial should only occur after these two other options for disposing of the case have been exhausted.

Respectfully submitted,

By: /s/   Thomas Curley                          By: /s/   Paul G. Freeborne

Nathan Siegel (Bar No. 446253)              Paul G. Freeborne
Thomas Curley (Bar No. 473798)            U.S. Department of Justice
LEVINE SULLIVAN KOCH & SCHULZ     Civil Division, Federal Programs Branch
1050 Seventeenth Street, N.W., Suite 800   P.O. Box 883
Washington, D.C.  20036                          Washington, D.C.  20044
Telephone:  (202) 508-1138                      Telephone:  (202) 353-0543
Facsimile:  (202) 861-9888                        Facsimile:  (202) 616-8460

*Counsel for Plaintiff*                                *Counsel for Defendants*