IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE WASHINGTON POST<br><br>                Plaintiff,<br><br>vs.<br><br>TRANSPORTATION SECURITY<br>ADMINISTRATION and<br>UNITED STATES DEPARTMENT<br>OF HOMELAND SECURITY,<br><br>                Defendants. | Civil Action No. 1:05CV01481 (EGS) |

**JOINT STATUS REPORT**

       1.       Pursuant to the Scheduling Order entered in the above-captioned action on November 8, 2005, the parties jointly file this status report to inform the Court of the progress made toward narrowing the scope of plaintiff's requests pursuant to the Freedom of Information Act ("FOIA"), 17 U.S.C. § 552, *et seq*., and defendants' production of responsive records.

       2.       Plaintiff The Washington Post ("the Post") seeks through FOIA various records maintained by Defendant Transportation Security Administration ("TSA"), an entity within Defendant U.S. Department of Homeland Security. In the month that has elapsed since the Initial Conference held in this action on October 28, 2005, the parties have continued to communicate about ways to refine the scope of the Post's FOIA requests and to stage the production of records by the TSA. In this regard, the TSA has produced to the Post indices that generally describe the records in the agency's possession which are potentially responsive to the Post's FOIA requests.

3.   Following its review of those indices, the Post has indicated its willingness to the TSA to significantly narrow the scope of its FOIA requests to certain limited categories of records in the possession of the TSA, if the agency is willing to expeditiously process that subset of identified records.  While it remains possible that the Post may, depending upon what records are produced by the TSA, request a secondary production of certain other targeted records, the Post believes that it has made considerable progress in narrowing the scope of its FOIA requests, as the TSA had requested.  The TSA is considering the Post's proposal and, in the meantime, the agency continues to process certain responsive records that the newspaper has identified as priorities.  At this juncture, the TSA would oppose the secondary production that the Post proposes, but may reconsider that position should good cause exist for such a secondary production.

4.   At bottom, the parties continue to believe they may be able to ultimately settle this litigation and believe they have a process in place that may yield such a result. The parties also believe it would be beneficial for them to jointly file a second status report with the Court on or before January 6, 2006 informing the Court of their progress as of that date.

Respectfully submitted,

By: /s/  Thomas Curley                     By: /s/  Paul G. Freeborne

Nathan Siegel (Bar No. 446253)           Paul G. Freeborne
Thomas Curley (Bar No. 473798)           U.S. Department of Justice
LEVINE SULLIVAN KOCH & SCHULZ            Civil Division, Federal Programs Branch
1050 Seventeenth Street, N.W., Suite 800 P.O. Box 883
Washington, D.C.  20036                  Washington, D.C.  20044
Telephone:  (202) 508-1138               Telephone:  (202) 353-0543
Facsimile:  (202) 861-9888               Facsimile:  (202) 616-8460
*Counsel for Plaintiff*                  *Counsel for Defendants*