**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**THE WASHINGTON POST**

**Plaintiff,**

**vs.**

**TRANSPORTATION SECURITY ADMINISTRATION and UNITED STATES DEPARTMENT OF HOMELAND SECURITY,**

**Defendants.**

**Civil Action No. 1:05CV01481 (EGS)**

**SECOND JOINT STATUS REPORT**

1. The parties jointly file this second status report to inform the Court of the progress made to date toward narrowing the scope of plaintiff's requests pursuant to the Freedom of Information Act ("FOIA"), 17 U.S.C. § 552, *et seq*., and defendants' production of responsive records.

2. Plaintiff The Washington Post ("the Post") seeks through FOIA various records maintained by Defendant Transportation Security Administration ("TSA"), an entity within Defendant U.S. Department of Homeland Security. In the time that has elapsed since the filing of the first Joint Status Report, the parties have continued to communicate about ways to refine the scope of the Post's FOIA requests and to stage the production of records by the TSA. The TSA also continues to process records that the Post has identified as priorities and the TSA has indicated that it expects to release certain of these records soon.

3. In November, the Post communicated its willingness to significantly narrow the scope of its FOIA requests to certain limited categories of records in the possession of the TSA, if the agency is willing to expeditiously process that subset of identified records by a fixed date to be agreed upon by the parties. While it is still considering the Post's proposal, the TSA is generally amenable to such a framework for the resolution of this matter.

4. The parties continue to believe they may be able to ultimately settle this litigation and believe they have a process in place that may yield such a result. However, given the discovery deadline of April 28, 2006 in this action, the Post is concerned about the fact that most of the categories of documents it seeks have not yet been produced and believes it necessary for the parties to reach an agreement on the production of documents shortly, including a timetable for such production. Otherwise, the Post will be constrained to commence written and other discovery in advance of seeking summary judgment.

5. The TSA understands that the Post is interested in an expeditious production of documents and is attempting to produce those documents that the Post has identified as its priority items as quickly as possible. In addition, since the last status report, the TSA has produced two hundred pages of documents responsive to the Post's request. The TSA does not believe that discovery is necessary or appropriate. Like the Post, we believe that this matter can be resolved.

Respectfully submitted,

By: /s/ Thomas Curley

Nathan Siegel (Bar No. 446253)
Thomas Curley (Bar No. 473798)
LEVINE SULLIVAN KOCH & SCHULZ
1050 Seventeenth Street, N.W., Suite 800
Washington, D.C. 20036
Telephone: (202) 508-1138
Facsimile: (202) 861-9888
*Counsel for Plaintiff*

By: /s/ Paul G. Freeborne

Paul G. Freeborne
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 353-0543
Facsimile: (202) 616-8460
*Counsel for Defendants*